IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL R. MAJOR, JAMES D. GRANUM, JONE LAW KOFORD and ALLAN CARTER,<br><br>Plaintiffs<br><br>v.<br><br>VALDERRA DEVELOPMENT, LLC; DIVERSIFIED MANAGEMENT SERVICES, LLC; VALDERRA INVESTMENT PARTNERS, LLC; DMS SERVICES; LLC; LYNN PADAN, an individual; ALAN WRIGHT, an individual; and DOES 1-50,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br><br>Case No. 2:17-cv-00974-DN-DBP<br><br>District Judge David Nuffer |

Defendants Valderra Development, LLC; Diversified Management Services, LLC; Valderra Investment Partners, LLC; DMS Services, LLC; Lynn Padan; and Alan Wright's (collectively "Defendants") filed a Motion to Dismiss Complaint ("Motion to Dismiss").[1] The Motion to Dismiss was fully briefed,[2] and came for a hearing on Friday, August 10, 2018, at 8:30 a.m.[3] Having considered the briefing and arguments, and applicable legal authorities, Defendants' Motion to Dismiss[4] is GRANTED.

---

[1] Docket no. 39, filed June 29, 2018.

[2] *Id*.; Plaintiffs' Opposition to Motion to Dismiss ("Response"), docket no. 41, filed July 20, 2018; Notice of Errata re: Plaintiffs' Opposition to Motion to Dismiss, docket no. 44, filed July 30, 2018; Reply Memorandum in Support of Motion to Dismiss Complaint, docket no. 45, filed July 31, 2018.

[3] Minute Order, docket no. 46, filed Aug. 10, 2018. At the hearing, Plaintiffs were represented by Daniel P. Wilde and William E. Frazier of Bangerter Frazier & Graff, PC, and Defendants were represented by Lewis P. Reece and Jeffrey R. Miles of Snow Jensen & Reece, P.C.

[4] Docket no. 39, filed June 29, 2018.

## BACKGROUND

This dispute arises out of the operations of the Ledges of St. George Master Homeowner's Association (the "Association").[5] The Association is governed by a Master Declaration of Covenants, Conditions, and Restrictions of the Ledges of St. George (the "Declaration").[6] Plaintiffs, each of whom are members of the Association,[7] allege that Defendant DMS Services, LLC ("DMS") is the management company contracted to manage the Association and collect assessments on behalf of the Association.[8] Plaintiffs allege that the remaining Defendants exercise control over both the Association and DMS.[9]

DMS charges a monthly management fee to the Association as set forth in a Management Agreement entered into with the Association in September of 2010 (the "Management Agreement").[10] Plaintiffs allege that the costs of managing the Association have dropped since 2010, but that Defendants have not lowered the management fee charged to the Association.[11] Plaintiffs' claims arise out of allegations that Defendants are collecting and benefiting from a management fee that exceeds the actual costs of managing the Association.[12]

Defendants' Motion to Dismiss attacks the two causes of action in Plaintiffs' Complaint under which federal subject matter jurisdiction is asserted.[13] The first of these claims alleges that Defendants have a duty to comply with 26 U.S.C.§ 501(c), the nonprofit provision of the Internal

---

[5] Complaint ¶¶ 21-39, docket no. 2, filed Aug. 29, 2017.
[6] *Id*. ¶¶ 21-29.
[7] *Id*. ¶ 1.
[8] *Id*. ¶¶ 6, 8, 24-25.
[9] *Id*. ¶¶ 3-5, 7-13.
[10] *Id*. ¶¶ 8, 24-25, 30-33.
[11] *Id*. ¶¶ 33-36.
[12] *Id*. ¶¶ 18, 31, 36, 38-71.
[13] Motion to Dismiss at 3; Complaint ¶¶ 19, 40-46, 62-71.

Revenue Code, and that Defendants have violated that duty by profiting from the management of the Association.[14] The second of these claims asserts that the collection of assessments based in part on the management fee from members of the Association violates the Federal Debt Collection Practices Act ("FDCPA").[15] Defendants seek dismissal these two claims and request that supplemental jurisdiction be declined over Plaintiffs' remaining state law claims.[16]

## DISCUSSION

"In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party."[17] The Complaint must state "enough facts to state a claim to relief that is plausible on its face."[18] This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[19] "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"[20] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[21]

In evaluating a Rule 12(b)(6) motion to dismiss, the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial

---

[14] Complaint ¶¶ 40-46.

[15] *Id*. ¶¶ 62-71.

[16] Motion to Dismiss at 3.

[17] *Zimpfer v. Aramark Mgmt. Servs., LP*, 795 F.Supp.2d 1249, 1251 (D. Utah 2011).

[18] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555-57).

[20] *Id*. (quoting *Twombly*, 550 U.S. at 555-57).

[21] *Id*. (quoting *Twombly*, 550 U.S. at 555-57) (alteration in original).

notice."[22] "Mere legal conclusions and factual allegations that contradict such a properly considered document are not well-pleaded facts that the court must accept as true."[23]

### Plaintiffs' first cause of action does not arise under federal law

Plaintiffs allege in their first cause of action that Defendants breached the Declaration and Management Agreement by assessing fees in violation of 26 U.S.C. § 501(c)(3), the nonprofit provision of the Internal Revenue Code.[24] Defendants argue that this claim must be dismissed because 26 U.S.C. § 501(c)(3) does not provide a private right of action.[25] Defendants are correct that 26 U.S.C. § 501(c)(3) does not provide a private right of action.[26] And to the extent Plaintiffs' first cause of action purports to be a claim under 26 U.S.C. § 501(c)(3), it fails to state a claim upon which relief may be granted.

But Plaintiffs assert that their first cause of action does not purport to allege a private cause of action under 26 U.S.C. § 501(c)(3).[27] Rather, Plaintiffs maintain the claim is a state law claim for breach of contract.[28] Plaintiffs then argue that the claim confers federal subject matter jurisdiction because it "arises under" federal law—specifically 26 U.S.C. § 501(c)(3)—and implicates significant federal issues.[29] Accepting Plaintiffs' characterization of the claim, their argument nevertheless lacks merit.

---

[22] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[23] *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1385 (10th Cir. 1997).

[24] Complaint ¶¶ 40-46.

[25] Motion to Dismiss at 5-9.

[26] *Ferguson v. Centura Health Corp.*, 358 F.Supp.2d 1014, 1016-17 (D. Colo. 2004).

[27] Response at 16.

[28] *Id*.

[29] *Id*. at 16-21.

"[I]n certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues."[30] This variety of federal jurisdiction is referred to as "arising under" jurisdiction.[31] "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."[32]

The gateway through which Plaintiffs drive their first cause of action is the alleged breach of obligations under the contractual agreements governing the parties. The underlying conduct alleged in the Complaint—improper management, unauthorized assessments, and conflicted transactions—does not implicate or turn on substantial questions of federal law. And reliance on federal law is not necessary to the resolution of a breach of contract claim concerning this conduct. There is no reference in the Declaration or Management Agreement to the Association's federal tax-exempt status. Nor is there a present threat to its tax-exempt status. And while the Complaint's allegations may have consequences that implicate federal law, those consequences are as yet a theoretical danger. The Association's federal tax-exempt status is ancillary to the allegations asserted by Plaintiffs. Therefore, to the extent Plaintiffs' first cause of action is a state law claim for breach of the Declaration and Management Agreement, the claim does not confer federal "arising under" jurisdiction.

---

[30] *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

[31] *Id*.

[32] *Id.*

**Plaintiffs fail to state a claim under the FDCPA**

Plaintiffs allege that Defendants violated the FDCPA by collecting and attempting to collect assessments that were not valid or authorized.[33] Plaintiffs argue that the creation and collection of these assessments are false, deceptive, or misleading practices under 15 U.S.C. § 1692f(1).[34] Defendants argue that Plaintiffs' FDCPA claim should be dismissed because the assessments were authorized under the Management Agreement and Declaration, and because Defendants are not debt collectors under the FDCPA.[35]

"The only inquiry under § 1692f(1) is whether the amount collected was expressly authorized by the agreement creating the debt or permitted by law[.]"[36] Thus, a debt collector is not liable under § 1692f(1) where the debt collectors actions are authorized by an agreement or law.[37]

The allegations in Plaintiffs' Complaint acknowledge that assessments for the management fee are authorized pursuant to both the Declaration and Management Agreement.[38] Plaintiffs nonetheless argue that although such assessments are generally authorized, the *amount* of the assessments should be lower based on the actual operating and management costs.[39] An allegation that the assessments should have been a lower amount does not state a violation of the FDCPA for false, deceptive, or misleading practices. Instead, the allegation concerns the parties' contracts and the operations and management of the Association, which are matters of state law.

---

[33] Complaint ¶¶ 62-71. Plaintiffs also allege that Defendants violated certain notice and administrative requirements of the FDCPA. *Id*. ¶ 70. However, Plaintiffs allege no facts to support this conclusory allegation.

[34] *Id*. ¶¶ 66, 70; Response at 5-15.

[35] Motion to Dismiss at 9-15.

[36] *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

[37] *Maynard v. Cannon*, 401 Fed. App'x 389, 397-98 (10th Cir. 2010).

[38] Complaint ¶¶ 8, 30-31.

[39] *Id*. ¶¶ 31, 36, 38-39; Response at 13-15.

Because the Management Agreement and Declaration expressly authorized the assessments to be made, Plaintiffs cannot state a claim for violation of § 1692f(1) of the FDCPA.

Additionally, even if the assessments were not authorized by the Management Agreement and Declaration, "[t]o prevail under the FDCPA, a plaintiff must prove that the defendant is a 'debt collector' who is trying to collect a 'debt' from the plaintiff in violation of some provision of the FDCPA."[40] The FDCPA exempts from the status of debt collector "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person[.]"[41] "Furthermore, the Senate Report notes that 'the committee does not intend the definition of debt collector to cover . . . mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing.'"[42]

Plaintiffs' Complaint alleges the Declaration and Management Agreement authorize Defendants to levy and collect assessments from owners for the Association.[43] These allegations are essentially that Declaration and Management Agreement establish that Defendants are servicing the outstanding debts owed to the Association. But the Complaint contains no allegations that the assessments or any debts were in default at the time they were obtained by Defendants. Therefore, Plaintiffs fail to sufficiently allege that Defendants are debt collectors under the FDCPA.

---

[40] *Obduskey v. Wells Fargo*, 879 F.3d 1216, 1219 (10th Cir. 2018).

[41] 15 U.S.C. § 1692a(6)(F)(iii).

[42] *Obduskey*, 879 F.3d at 1219 (quoting S. Rep. No. 95-382, at 3-4 (1977)).

[43] Complaint ¶¶ 8, 30-31.

Because the assessments were expressly authorized by the Declaration and the Management Agreement, and because the assessments were not in default at the time they were obtained by Defendants, Plaintiffs fail to state a claim against Defendants under the FDCPA.

**Supplemental jurisdiction will not be exercised over Plaintiffs' state law claims**

"When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[44] This is especially true "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain[.]"[45] "[T]he federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."[46]

All remaining claims in Plaintiffs' Complaint are state law claims, which do not arise under federal law. There is no reasonable justification for supplemental jurisdiction to be exercised over these state law claims. Therefore, Plaintiffs' remaining state-law claims are DISMISSED without prejudice to Plaintiffs' refiling such claims in state court.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants Motion to Dismiss[47] is GRANTED. Plaintiffs Complaint[48] is DISMISSED without prejudice to Plaintiffs' refiling their state law claims in state court. This court will retain jurisdiction over a motion for attorney fees filed pursuant to the federal and local rules.

---

[44] *Smith v. City of Enid By & Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).

[45] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

[46] *Id*.

[47] Docket no. 39, filed June 29, 2018.

[48] Docket no. 2, filed Aug. 29, 2017.

IT IS FURTHER HEREBY ORDERED that Plaintiffs' oral request, made at the August 10, 2018 hearing, for leave to amend their Complaint is DENIED.

The Clerk is directed to close the case.

SIGNED this 10th day of September, 2018.

BY THE COURT:

David Nuffer
United States District Judge