IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL R. MAJOR; JAMES D. GRANUM; JONE LAW KOFORD; and ALLAN CARTER,<br><br>Plaintiffs,<br>v.<br><br>VALDERRA DEVELOPMENT, LLC; DIVERSIFIED MANAGEMENT SERVICES, LLC; VALDERRA INVESTMENT PARTNERS, LLC; DMS SERVICES, LLC; LYNN PADAN; ALLAN WRIGHT; and DOES 1-50,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br><br>Case No. 2:17-cv-00974-DN<br><br>District Judge David Nuffer |

Defendants seek an award of attorneys' fees and costs for their successful defense of Plaintiffs' first and fourth causes of action.[1] Plaintiffs argue that Defendants are not entitled to such an award because Defendants are not the prevailing party and Plaintiffs' claims were not brought in bad faith.[2]

Because Defendants are entitled to an award of attorneys' fees and costs under the under the Master Declaration of Covenants, Conditions, and Restriction of The Ledges of St. George a Master Planned Community ("Declaration"),[3] Defendants' Motion[4] is GRANTED in part. However, before a determination may be made regarding the amount of Defendants' reasonable

---

[1] Motion for Attorney Fees and Costs ("Motion"), docket no. 50, filed Sept. 24, 2018; Reply Memorandum in Support of Motion for Attorney Fees and Costs ("Reply") at 2, docket no. 54, filed Oct. 16, 2018.

[2] Plaintiffs' Opposition to Motion for Attorney Fees and Costs ("Response"), docket no. 53, filed Oct. 9, 2018.

[3] Docket no. 50-1, filed Sept. 24, 2018.

[4] Docket no. 50, filed Sept. 24, 2018.

attorneys' fees and costs, Defendants must apportion their fees and costs to reflect only those necessarily incurred in their defense of Plaintiffs' first and fourth causes of action.

## BACKGROUND

Plaintiffs initiated this case to challenge Defendants' operation and management of The Ledges of St. George Master Homeowner's Association ("Ledges HOA").[5] Plaintiffs' Complaint alleged four causes of action against Defendants: (1) unreasonable and non-qualifying expenditures under 26 U.S.C. § 501(c);[6] (2) breach of contract;[7] (3) conflicting interest transactions under Utah Code Ann. § 16-6a-825;[8] and (4) violation of Fair Debt Collection Practices Act ("FDCPA") § 1692f(1).[9] Plaintiffs' first and fourth causes of action formed the basis for federal subject matter jurisdiction in this case.[10] Their second and third causes of action were Utah state law claims subject to the exercise of supplemental jurisdiction.[11]

Defendants moved to dismiss Plaintiffs' first and fourth causes of action for failure to state a claim,[12] and requested Plaintiffs' second and third causes of action be dismissed for lack of subject matter jurisdiction.[13] Defendants' Motion to Dismiss was granted.[14] Plaintiffs' Complaint was dismissed without prejudice to Plaintiffs refiling their state law claims in state

---

[5] Complaint ¶¶ 21-39, docket no. 2, filed Aug. 29. 2017.

[6] *Id*. ¶¶ 40-46.

[7] *Id*. ¶¶ 47-54.

[8] *Id*. ¶¶ 55-61.

[9] *Id*. ¶¶ 62-71.

[10] *Id*. ¶ 19.

[11] *Id*.

[12] Motion to Dismiss Complaint ("Motion to Dismiss") at 5-15, docket no. 39, filed June 29, 2018.

[13] *Id*. at 16.

[14] Memorandum Decision and Order Granting Motion to Dismiss ("Order"), docket no. 48, filed Sept. 10, 2018.

court.[15] Defendants now seek an award of attorneys' fees and costs for their successful defense of Plaintiffs' first and fourth causes of action.[16]

## DISCUSSION

Defendants assert three grounds for their entitlement to an award attorneys' fees and costs.[17] First, the Declaration which states "the prevailing party in any action to enforce this Declaration or any rule or regulation established pursuant to the authority of this Declaration shall be entitled to an award of reasonable fees and costs incurred in such action."[18] Second, FDCPA § 1692k(a)(3) which states "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."[19] And third, Utah Code Ann. § 78B-5-825 which states "[i]n civil actions, the court shall award reasonable attorney fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith."[20]

Because Defendants are entitled to an award of their attorneys' fees and costs under the plain language of the Declaration, it is unnecessary to address their arguments regarding the bad faith provisions of the FDCPA and Utah Code.

---

[15] *Id*. at 8; Judgment in a Civil Case ("Judgment"), docket no. 49, filed Sept. 10, 2018.

[16] Motion at 5-10.

[17] *Id*. at 5-10.

[18] Declaration § 16.4.

[19] 15 U.S.C. § 1692k(a)(3).

[20] Utah Code Ann. § 78B-5-825.

### Defendants are the prevailing party under the Declaration
### on Plaintiffs' first and fourth causes of action

"If the legal right to attorney fees is established by contract, Utah law clearly requires the court to apply the contractual attorney fee provision and to do so strictly in accordance with the contract's terms."[21]

Under the Declaration, to be entitled to an award of attorneys' fees and costs, Defendants must be the "prevailing party in any action to enforce th[e] Declaration or any rule or regulation established pursuant to the authority of th[e] Declaration. . . ."[22] "Utah courts generally apply a 'common sense 'flexible and reasoned' approach . . . to the interpretation of contractual 'prevailing party' language.'"[23] "This approach requires not only consideration of the significance of the net judgment in the case, but also looking at the amounts actually sought and then balancing them proportionally with what was recovered."[24] "Ultimately, '[t]he focus should be on which party had attained a comparative victory, considering what a total victory would have meant for each party and what a true draw would look like.'"[25] "Comparative victory—not necessarily a shutout—is all that is required."[26]

Applying this flexible and reasoned approach, Defendants were the prevailing party in this case. Plaintiffs' sought monetary damages on each of their causes of action, including their first and fourth causes of action.[27] And Defendants obtained a judgment of dismissal of

---

[21] *Express Recovery Servs., Inc. v. Olson*, 397 P.3d 792, 794 (Utah Ct. App. 2017). (quoting *Hahnel v. Duchesne Land, LC*, 305 P.3d 208, 212 (Utah Ct. App. 2013)).

[22] Declaration § 16.4.

[23] *Olson*, 397 P.3d at 794 (quoting *A.K. & R. Whipple Plumbing & Hearing v. Guy*, 94 P.3d 270, 274 (Utah 2004)).

[24] *Id*. (quoting *Olsen v. Lund*, 246 P.3d 521, 523 (Utah Ct. App. 2010)).

[25] *Id*. (quoting *Olsen*, 246 P.3d at 523).

[26] *Id*. at 795 (quoting *Olsen*, 246 P.3d at 524).

[27] Complaint ¶¶ 45-46, 51-54, 60-61, 71.

Plaintiffs' Complaint.[28] While the dismissal was without prejudice to Plaintiffs refiling their state law claims in state court,[29] the result was not a draw. Defendant successfully argued that the case was not appropriately filed in federal court. Plaintiffs first and fourth causes of action failed to state federal claims upon which relief could be granted.[30] Therefore, Defendants are the comparative victor in this case.

Plaintiffs nevertheless argue that Defendants cannot be the prevailing party under the Declaration because the Complaint's dismissal did not materially alter the parties' legal relationship.[31] Plaintiffs maintain that they may still refile their causes of action in either state or federal court because their Complaint was dismissed without prejudice.[32] This argument relies on inapplicable federal law construing statutory "prevailing party" language. But even applying the "stringent"[33] federal statutory "prevailing party" analysis, the argument lacks merit.

Under federal law, the term "prevailing party"—as used in federal statutes—is a term of art,[34] which requires a "material alteration of the legal relationship of parties in a manner which Congress sought to promote in the fee statute."[35] "[A] material alteration in the parties' legal relationship occurs when '[a party] has succeeded on any significant issue in litigation which achieved some of the benefit the parties sought in bringing [or defending against] suit.'"[36] "This

---

[28] Order at 8; Judgment.

[29] Order at 8; Judgment.

[30] Order at 4-8.

[31] Response at 3-5.

[32] *Id*.

[33] *Kansas Judicial Watch v. Stout*, 653 F.3d 1230, 1237 (10th Cir. 2011).

[34] *Id*. at 1237 n.3 (citing *Buckhannon Bd. And Care Home, Inc., v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 604 (2001)).

[35] *Id*. at 1235 (quoting *Texas State Teachers Ass'n v. Garland Independent Sch. Dist.*, 489 U.S. 782, 792-93 (1989)).

[36] *Id*. (quoting *Garland Independent Sch. Dist.*, 489 U.S. at 791-92).

standard requires that 'a [party] receive at least some relief on the merits . . . before [that party] can be said to prevail.'"[37] Thus, a dismissal *without prejudice* generally will not result in a defendant being the "prevailing party" because there is no merits determination and "the defendant remains subject to the risk of re-filing."[38] But a dismissal *with prejudice* will result in a defendant being the "prevailing party" because there is a judgment on the merits and a "complete adjudication of the issues presented by the pleadings and . . . bar to further action between the parties."[39]

Plaintiffs' Complaint in this case was dismissed without prejudice to Plaintiffs refiling their state law claims in state court.[40] But both Plaintiffs' first and fourth causes of action were asserted under federal statutes to confer federal subject matter jurisdiction.[41] Plaintiffs' first cause of action was dismissed because 26 U.S.C. § 501(c)(3) does not provide a private right of action, and to the extent it was a state law claim for breach of the Declaration, it did not confer federal "arising under" jurisdiction.[42] Plaintiffs' fourth cause of action was dismissed because Plaintiffs failed to sufficiently allege that Defendants were "debt collectors" under the FDCPA, and because the facts alleged were incapable of supporting a claim for violation of FDCPA § 1692f(1).[43] And because these causes of action could not state federal claims, Plaintiffs were denied the opportunity to amend their Complaint.[44]

---

[37] *Id*. (quoting *Garland Independent Sch. Dist.*, 489 U.S. at 792).

[38] *United States v. Milner*, 583 F.3d 1174, 1196-97 (9th Cir. 2009).

[39] *Cantrell v. International Broth. Of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 458 (10th Cir. 1995) (citing 9 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2364, at 277 (2d ed. 1994)).

[40] Order at 8; Judgment.

[41] Complaint ¶ 19.

[42] Order at 4-5.

[43] *Id.* at 6-8.

[44] *Id*. at 9.

The Complaint's dismissal *without prejudice* was only to Plaintiffs refiling their state law claims in state court.[45] Though the dismissal Order does not expressly state that Plaintiffs' first and fourth causes of action were dismissed *with prejudice*, it was not required to do so. "Unless the dismissal order states otherwise . . . any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."[46] These causes of action were asserted as federal claims conferring federal subject matter jurisdiction,[47] and there was an adjudication on the merits that Plaintiffs could not state a federal claim on which relief could be granted.[48] The causes of action were dismissed *with prejudice*. Therefore, because there was a complete adjudication of the federal issues presented in Plaintiffs' first and fourth causes of action, and a bar to further federal litigation between the parties regarding these causes of action, Defendants are the prevailing party under the Declaration.

**Plaintiffs' first and fourth causes of action were actions to enforce the Declaration**

Having determined Defendants were the "prevailing party" under the Declaration on Plaintiffs' first and fourth causes of action, the remaining question is whether these causes of action were "action[s] to enforce th[e] Declaration or any rule or regulation established pursuant to the authority of th[e] Declaration . . . ."[49]

---

[45] *Id*. at 8; Judgment.

[46] Fed. R. Civ. P. 41(b).

[47] Complaint at 19.

[48] Order at 4-9.

[49] Declaration § 16.4.

Plaintiffs assert that "it is questionable whether [their] claims constituted an 'action to enforce' the Declaration[.]"[50] But the Complaint expressly states that each of Plaintiffs' causes of action is to enforce the Declaration:

> The state and federal claims arise from [the] same nucleus of common facts and the rights, obligations and the parties are intertwined and interrelated. The claims in each cause of action arise from and relate to the management and operation of the Ledges HOA by the Defendants and the Defendants' business practices in collecting HOA assessments that are not valid or reasonable under the applicable contracts and rules.[51]

The Complaint's "General Allegations" detail Defendants' obligations under the Declaration and its associated documents, and the conduct that Plaintiffs believe breached the Declaration.[52] Each cause of action, including Plaintiffs' first and fourth causes of action, relies on the Declaration and Defendants' alleged breaches.[53] Plaintiffs asserted their causes of action to enforce their interpretation of the Declaration and how Defendants were to manage and operate the Ledges HOA under the terms of the Declaration and its associated documents. Indeed, in their first cause of action, Plaintiffs' affirmatively requests an award of attorneys' fees and costs under the Declaration's attorneys' fees provision.[54]

Because Plaintiffs' first and fourth causes of action were actions to enforce the Declaration, and Defendants are the prevailing party on these causes of action, Defendants are entitled to an award of attorneys' fees and costs under the Declaration's attorneys' fees provision.

---

[50] Response at 3.

[51] Complaint ¶ 48; *see also id.* ¶ 19.

[52] *Id.* ¶¶ 21-39.

[53] *Id.* ¶¶ 41, 43-45, 48-53, 56, 59-60, 64-66.

[54] *Id.* ¶ 46.

**Defendants must apportion their attorneys' fees and costs to reflect only those incurred in their defense of Plaintiffs' first and fourth causes of action**

Defendants request $24,612.00 in attorneys' fees and costs.[55] The Declaration allows for an award of "reasonable fees and costs incurred . . . ."[56] Plaintiffs' Response does not argue that the requested amount of attorneys' fees and costs is unreasonable. Nevertheless, counsel's declaration in support of Defendants' requested fees and costs does not differentiate between the fees and costs Defendants incurred on Plaintiffs' various causes of action.[57]

Defendants' request for an award of fees and costs was expressly limited to the defense of Plaintiffs' first and fourth causes of action.[58] But a review of counsel's billing entries shows that the requested $24,612.00 in attorneys' fees and costs encompasses the entirety of fees and costs Defendants incurred in this case.[59] Several billing entries identify work performed which relates to all of Plaintiffs' causes of action.[60] There is no indication that counsel attempted to apportion the hours billed among the compensable first and fourth causes of action, and the non-compensable second and third causes of action. Before a determination may be made regarding the amount of Defendants' reasonable attorneys' fees and costs, Defendants must apportion their fees and costs to reflect only those necessarily incurred in their defense of Plaintiffs' first and fourth causes of action.

---

[55] Motion at 5, 10; Declaration of Jeff Miles in Support of Motion for Attorney Fees and Costs ("Miles Declaration") ¶¶ 5-7, docket no. 50-5, filed Sept. 24, 2018.

[56] Declaration § 16.4.

[57] Miles Declaration.

[58] Motion at 5-7; Reply at 2.

[59] Miles Declaration at Ex. C.

[60] *Id*.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion[61] is GRANTED in part. Under the Declaration, Defendants are entitled to an award of the reasonable attorneys' fees and costs incurred in their defense of Plaintiffs' first and fourth causes of action.

IT IS FURTHER HEREBY ORDERED that by no later than Friday February 8, 2019, Defendants must file a declaration of counsel which apportions Defendants' attorneys' fees and costs to reflect only those necessarily incurred in the defense of Plaintiffs' first and fourth causes of action. Any objection to the reasonableness of the amount of apportioned attorneys' fees and costs must be filed by no later than Friday February 15, 2019; and any response to an objection must be filed by no later than Friday February 22, 2019.

Signed January 31, 2019.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[61] Docket no. 50, filed Sept. 24, 2018.