# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL R. MAJOR; JAMES D. GRANUM; JONE LAW KOFORD; and ALLAN CARTER,<br><br>Plaintiffs,<br><br>v.<br><br>VALDERRA DEVELOPMENT, LLC; DIVERSIFIED MANAGEMENT SERVICES, LLC; VALDERRA INVESTMENT PARTNERS, LLC; DMS SERVICES, LLC; LYNN PADAN; ALLAN WRIGHT; and DOES 1-50,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER AWARDING ATTORNEYS' FEES AND COSTS TO DEFENDANTS**<br><br>Case No. 2:17-cv-00974-DN<br><br>District Judge David Nuffer |

Defendants are entitled to an award of their reasonable attorneys' fees and costs incurred in the defense of Plaintiffs' first and fourth causes of action.[1] They submitted an Attorney Declaration of Apportioned Attorney Fees and Costs ("Attorney Declaration") requesting $25,395.00 in attorneys' fees and $499.50 in costs.[2] Plaintiffs objected arguing that Defendants' requested attorneys' fees are unreasonable, duplicative, involve non-compensable claims, and act as a violation of Plaintiffs' due process rights.[3]

After careful review of Defendants' Attorney Declaration, and consideration of the complexity of the case, the work performed and the record, a forty percent (40%) reduction of

---

[1] Memorandum Decision and Order Granting in Part Motion for Attorneys' Fees and Costs ("Attorneys' Fees Order") at 10, docket no. 55, filed Feb. 22, 2019.

[2] Attorney Declaration ¶¶ 12.B-D, docket no. 56, filed Feb. 8, 2019.

[3] Plaintiffs' Objection to Attorney Declaration of Apportioned Attorney Fees and Costs ("Objection") at 2, docket no. 57, filed Feb. 14, 2019.

the hours billed by Defendants' counsel is appropriate to achieve a reasonable attorneys' fee award.

## DISCUSSION

To determine a reasonable attorneys' fee, a "lodestar" figure is arrived at "by multiplying the hours . . . counsel reasonably spent on the litigation by a reasonable hourly rate."[4] Factors for determining the reasonableness of the hours billed for a given task or to prosecute or defend the litigation as a whole include: the complexity of the case; the number of reasonable strategies pursued; the responses necessitated by the maneuvering of the other side; and the potential duplication of services.[5]

The reasonable hours awarded may be reduced if "the number of compensable hours claimed by counsel includes hours that were unnecessary, irrelevant and duplicative."[6] Reduction is also justified "if the attorney's time records are sloppy and imprecise and fail to document adequately how he or she utilized large blocks of time."[7] But there is no requirement that each disallowed hour be identified and justified.[8] Nor is there any requirement for the number of hours permitted for each legal task to be announced.[9] Instead, a method of general reduction to the hours claimed may be implemented in order to achieve a reasonable number, "so long as there is sufficient reason for [the method's] use."[10]

---

[4] *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (internal quotations omitted).

[5] *Id*. at 1250.

[6] *Id*. (internal quotations and punctuation omitted).

[7] *Id*. (internal quotations omitted).

[8] *Id*.

[9] *Id*.

[10] *Id*. (internal quotations and punctuation omitted).

Defendants request $25,395.00 in attorneys' fees for their defense of Plaintiffs' first and fourth causes of action.[11] Defendants' Attorney Declaration breaks down the requested attorneys' fees as follows:

- For attorney Jeff Mills, 3.75 hours billed at a rate of $185.00 per hour and 89.95 hours billed at a rate of $200.00 per hour, totaling $18,683.75;[12] and

- For attorney Lewis P. Reece, 22.75 hours billed at a rate of $295.00 per hour, totaling $6,711.25.[13]

Plaintiffs object to several specific billing entries included in the Attorney Declaration,[14] and generally object to the reasonableness of the hours billed for counsels' work relating to a motion to dismiss and a motion for attorneys' fees and costs.[15]

It is unnecessary to address the specific billing entries to which Plaintiffs object. "[A]n overly particularized approach 'is neither practical nor desirable.'"[16] "What *is* 'important is the discretionary determination by the district court of how many hours, in its experience, should have been expended on the specific case.'"[17] And considering the complexity of this case, the work performed and the record, the total number of hours billed in the Attorney Declaration is not reasonable. A general reduction of the hours billed by Defendants' counsel is warranted.

This case involved challenges to Defendants' operation and management of The Ledges of St. George Master Homeowner's Association (the "Association").[18] Plaintiffs' first and fourth

---

[11] Attorney Declaration ¶¶ 12.B-C.

[12] *Id*. ¶ 12.B.

[13] *Id*. ¶ 12.C (Defendants' Attorney Declaration miscalculated the total amount of fees for attorney Lewis P. Reece as $6,711.00).

[14] Objection at 2-5.

[15] *Id*. at 5-7.

[16] *Sheldon v. Vermonty*, 107 Fed. App'x 828, 834 (10th Cir. 2004) (quoting *Case*, 157 F.3d at 1250).

[17] *Id*. (quoting *Case*, 157 F.3d at 1250) (emphasis in original).

[18] Complaint ¶¶ 21-39, docket no. 2, filed Aug. 29, 2017.

causes of action alleged unreasonable and non-qualifying expenditures under the federal corporate tax exemption statute, 26 U.S.C. § 501(c)(3),[19] and violation of the Fair Debt Collection Practices Act ("FDCPA") § 1692f(1).[20] These causes of action were not so factually or legally complex to justify the number of counsels' billed hours. Indeed, the causes of action were dismissed early in the procedural stages of the case by the granting of a motion to dismiss.[21]

The causes of action arose from allegations that Defendants collected and benefited from management fees that exceed the actual costs of managing the Association.[22] And while pleaded as federal claims, the causes of action were merely seeking to enforce Plaintiffs' interpretation of the Association's governing documents.[23] They boiled down to straightforward breach of contract issues that failed to state federal claims.[24] The issues presented did not involve novel or unsettled areas of the law, and extensive research was unnecessary. Plaintiffs' first cause of action was dismiss because 26 U.S.C. § 501(c)(3) does not provide a private right of action, and to the extent it was a state law claim for breach of contract, it did not confer federal "arising under" jurisdiction.[25] Plaintiffs' fourth cause of action was dismissed because Plaintiffs failed to sufficiently allege that Defendants were "debt collectors" under the FDCPA, and because the facts alleged were incapable of supporting a claim for violation of FDCPA § 1692f(1).[26]

---

[19] *Id*. ¶¶ 40-46.

[20] *Id*. ¶¶ 62-71.

[21] Memorandum Decision and Order Granting Motion to Dismiss ("Dismissal Order") at 4-8, docket no. 48, filed Sept. 10, 2018; Attorneys' Fees Order at 7-8.

[22] Complaint ¶¶ 18, 31, 36, 40-46, 62-71.

[23] Dismissal Order at 4-7; Attorneys' Fees Order at 7-8.

[24] Dismissal Order at 4-7; Attorneys' Fees Order at 4-8.

[25] Dismissal Order at 4-5; Attorneys' Fees Order at 6.

[26] Dismissal Order at 6-8; Attorneys' Fees Order at 6.

Regarding the work performed, Defendants' counsel engaged in settlement and scheduling discussions with Plaintiffs' counsel;[27] attended a scheduling hearing;[28] drafted initial disclosures and discovery;[29] briefed and attended oral argument on a motion to dismiss;[30] and briefed a motion for attorneys' fees and costs.[31] This work is reflected in Defendants' Attorney Declaration.[32]

But the Attorney Declaration also includes over 13 hours billed for work on an unfiled answer and research on affirmative defenses.[33] This number of hours billed is a stark contrast to the representation that "Defendants identified the need for dismissal of the Federal Claims early on in the litigation, and . . . thereafter reasonably focused their efforts on the Federal Claims."[34] It was reasonable for Defendants' counsel to begin the process of researching and responding to Plaintiffs' Complaint through work on an answer and affirmative defenses. However, the total hours billed for this work is not reasonable in light of the issues in the case and Defendants filing of a motion to dismiss.

---

[27] Motion for Extension of Time to Respond to Complaint at 2, docket no. 23, filed Apr. 30, 2018; Motion for Extension of Time to Respond to Complaint at 2, docket no. 28, filed May 15, 2018; Attorney Planning Meeting Report, docket no. 35, filed June 7, 2018.

[28] Minute Entry for Proceedings Held Before District Judge David Nuffer, docket no. 37, filed June 14, 2018.

[29] Joint Statement Regarding the Scope of Discovery, docket no. 42, filed July 23, 2018.

[30] Motion to Dismiss Complaint, docket no. 39, filed June 29, 2018; Reply Memorandum in Support of Motion to Dismiss Complaint ("Reply to Motion to Dismiss"), docket no. 45, filed July 31, 2018; Minute Order, docket no. 46, filed Aug. 10, 2018.

[31] Motion for Attorney Fees and Costs ("Attorneys' Fees Motion"), docket no. 50, filed Sept. 24, 2018; Reply Memorandum in Support of Motion for Attorney Fees and Costs ("Reply to Attorneys' Fees Motion"), docket no. 54, filed Oct. 16, 2018.

[32] Attorney Declaration at Ex. A.

[33] *Id*. Half of the billed hours for this work were allocated to Plaintiffs' first and fourth causes of action.

[34] Response to Objection to Attorney Declaration of Apportioned Attorney Fees and Costs at 2, docket no. 58, filed Feb. 22, 2019.

The amount of hours billed for counsels' work relating to the motion to dismiss is also not reasonable. Defendants' Attorney Declaration identifies over 70 hours billed for work relating to the motion to dismiss.[35] This is far greater than the number of hours expected given the factual and legal issues presented. And although Plaintiffs' response to the motion raised additional arguments that were addressed in Defendants' reply,[36] such maneuvering does not justify the total hours billed for counsels' work relating to the motion to dismiss.

Additionally, Defendants' request for attorneys' fees was expressly limited to the defense of Plaintiffs' first and fourth causes of action.[37] But counsel's initial declaration in support of the request did not apportion the hours billed among the compensable first and fourth causes of action, and the non-compensable second and third causes of action.[38] It was because of this that Defendants were ordered to file a new declaration which properly apportioned their attorneys' fees.[39] Defendants' newly submitted Attorney Declaration includes billing entries for the preparation of counsel's initial declaration, as well as the Attorney Declaration.[40] The inclusion of billing entries for both declarations is duplicative and not reasonable given that counsel should have apportioned the hours billed in the first instance.

None of this is meant to suggest that Defendants' counsel inflated the raw time it took to perform the various legal tasks in this case. Rather, the issue is one of billing judgment—particularly in the hours billed by counsel for research and drafting—in the context of an award

---

[35] Attorney Declaration at Ex. A.

[36] Plaintiffs' Opposition to Motion to Dismiss at 4-7, 15-21, docket no. 41, filed July 20, 2018; Reply to Motion to Dismiss at 9-11.

[37] Attorneys' Fees Motion at 5-7; Reply to Attorneys' Fees Motion at 2.

[38] Declaration of Jeff Miles in support of Motion for Attorney Fees and Costs at Ex. C, docket no. 50-5, filed Sept. 24, 2018.

[39] Attorneys' Fees Order at 9-10.

[40] Attorney Declaration at Ex. A.

of attorneys' fees. "Because not all hours expended in litigation are normally billed to a client, [counsel] should exercise billing judgment with respect to a claim of the number of hours worked."[41] "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended."[42]

Based on the complexity of the case, the work performed and the record a forty percent (40%) reduction of the hours billed by Defendants' counsel is appropriate to achieve a reasonable attorneys' fee award. Plaintiffs did not object to the reasonableness of counsels' billing rates. Regardless, counsels' rates are reasonable considering the fees customarily charged in the locality for similar legal services. Therefore, Defendants' are awarded $15,237.00[43] in attorneys' fees and $499.50 in costs for the defense of Plaintiffs' first and fourth causes of action.

## ORDER

IT IS HEREBY ORDERED that Defendants' are awarded $15,237.00 in attorneys' fees and $499.50 in costs for the defense of Plaintiffs' first and fourth causes of action. An amended judgment will be entered to reflect this award.

Signed March 5, 2019.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[41] *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (internal quotations omitted).
[42] *Case*, 157 F.3d at 1250.
[43] $25,395.00 x 0.60 = $15,237.00.